■ In the Matter of the Claim of KATIE DEDICKE, Respondent, against VITA FOODS PRODUCTS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its carrier from an award for death benefits made by the Workmen's Compensation Board. The question presented is whether the record contains substantial evidence of accident and causal relation. Decedent was an assistant foreman and had worked for the employer for 21 years. His usual work consisted of making salads and mixing anchovy pastes. His employer had sold a tube filling machine to another company. The machine had not been used for several years, and pursuant to its agreement to put the machine in working order, decedent was sent to the purchaser's plant on June 5 and 6, 1952, to dismantle and reassemble the machine. Decedent worked all day on June 5 at the plant of the purchaser of the machine. It was very hot. While the evidence is conflicting, there is substantial evidence that the machine and the bolts and nuts thereon were rusty because of disuse. On several occasions decedent ran into difficulty and had to call upon employees of the purchaser to assist him. Upon returning home on the evening of June 5, according to the testimony of decedent's widow, decedent told her that everything on the machine was so rusted that he had to knock on it to get the nuts and bolts loose, and he said: "Gee, whiz, darling, that machine almost knocks my heart out—it's a very hard job." The widow also testified that decedent had been in previous good health and had never complained; that on the afternoon of June 5 he looked very tired and ate little supper. Decedent died while at work on this job about midday on June 6. The cause of death was coronary insufficiency and coronary sclerosis. While the medical evidence is conflicting, there is substantial medical evidence that decedent's sudden death was caused by the work which he did on June 5 and 6. Other evidence and circumstances corroborate the hearsay testimony of the widow, and, indeed, seem sufficient to

916

independently support the finding of accident. The board has found that decedent sustained accidental injuries and died immediately due to "unusual effort and exertion and strain". There is substantial evidence to support such a finding and the finding of causal relation. Award unanimously affirmed, with one bill of costs to be divided between the respondents, Workmen's Compensation Board and claimant. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.